**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PHYLLIS D. RACY                                                                              PLAINTIFF

v.                                         No. 5:15cv00292-JLH

UNITED STATES DEPARTMENT
OF AGRICULTURE                                                                            DEFENDANT

**OPINION AND ORDER**

Phyllis D. Racy brings this action pro se pursuant to Title VII of the Civil Rights Act of 1964

against the United States Department of Agriculture alleging that she was discriminated against on

the basis of race when she was denied employment as a Program Technician, first in November 2012

and again in December 2012.  The Court has jurisdiction over the matter under 42 U.S.C. § 2000e-5.

The USDA has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or

in the alternative a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Document #23.  Because the USDA presented matters outside the pleadings, the Court treated the

motion as a motion for summary judgment and gave Racy the opportunity to respond with evidence.

Document #28.  Racy filed a response, but submitted no evidence.  Document #29.  For the

following reasons, the USDA's motion for summary judgment is granted.

A court should enter summary judgment if the evidence, viewed in the light most favorable

to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986);

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the

nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Racy filed charges with the Equal Employment Opportunity Commission ("EEOC") on

March 11, 2013.  Document #18.  An administrative judge issued an order dismissing the charges

on May 28, 2015.  *Id*.  The EEOC then issued its final decision fully implementing the administrative

judge's order on June 9, 2015.  Document #18; Document #24-1; Document #24-2.  The USDA

submitted to the Court a certified mail receipt demonstrating that Racy received the final decision

on June 13, 2015.  Document #24-2.  The EEOC informed Racy that if she chose to file a civil action

in federal district court, she had to do so within ninety calendar days of the date she received the final

action by the EEOC.  *Id*. at 3; 29 C.F.R. § 1614.407.  The last day for her to file a civil action in

federal court was September 11, 2015.  But Racy did not commence this civil action until

September 15, 2015, ninety-four calendar days from the date she received the final action by the

EEOC.  Document #2.  Therefore, the undisputed facts show that Racy's action is untimely.  *See*

*Hallgren v. United States Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003).

Though the time limit for filing a civil action is subject to equitable tolling, "[e]quitable

tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are

out of [her] hands."  *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990).  Racy has not

argued, nor has she provided the Court with any evidence, that circumstances beyond her control

caused her to miss the deadline.  *See* Document #29.[1]  Lack of legal knowledge or legal resources

---

[1] Instead of responding to the USDA's arguments or providing evidence pertinent to the
motion for summary judgment, Racy has repeatedly requested that the Court appoint counsel.
Document #18; Document #27; Document #29.  "[T]here is no automatic right to the appointment
of counsel in a Title VII case."  *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984).
While 42 U.S.C. § 2000e-5(f)(1) provides that the Court *may* appoint counsel, nothing in the record

does not warrant equitable tolling.  *See Shoemate v. Norris*, 390 F.3d 595, 597 (8th Cir. 2004).

Nothing in the record indicates that Racy did not control the timing of the civil action filed in this

Court.  It is unfortunate that she only missed the deadline by four days, but "[p]rocedural

requirements established by Congress for gaining access to the federal courts are not to be

disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr.*

*v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1984) (per curiam).

## CONCLUSION

For the foregoing reasons, the USDA's motion to dismiss, or in the alternative motion for

summary judgment, Document #23, is GRANTED.  This action is dismissed with prejudice.

IT IS SO ORDERED this 21st day of June, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

demonstrates that Racy lacks the final resources to secure counsel, that she has tried to secure counsel but failed, or that her discrimination claim has merit.  *Id*.